PER CURIAM.
 

 We affirm Jean Pierre Francis’ conviction, but remand for the entry of a proper
 
 nunc pro tunc
 
 order finding Francis competent to stand trial. Although the trial court found Francis competent to proceed to trial after previously having found him to be incompetent, the only written confirmation thereof is contained in a document entitled “Court Minutes/Order” signed by the deputy clerk, not by the trial court. Accordingly, we remand this matter to the trial court for the entry of a proper written order of competence,
 
 nunc pro tunc. See
 
 Fla. R.Crim. P. 3.212(c)(7) (stating: “If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed.”);
 
 Cor-bitt v. State,
 
 744 So.2d 1130, 1130 (Fla. 2d DCA 1999) (ruling: “[W]here the trial court has entered an oral finding that the defendant is competent, but no written order of competency has been entered, the proper remedy is to affirm the judgment and to remand the case to the trial court for entry of a
 
 nunc pro tunc
 
 order finding the defendant competent to stand trial.”).
 
 Accord Hampton v. State,
 
 988 So.2d 103, 106 (Fla. 2d DCA 2008);
 
 Bailey v. State,
 
 931 So.2d 224, 225 (Fla. 1st DCA 2006).
 
 See also Ortiz v. State,
 
 55 So.3d 724, 724 (Fla. 5th DCA 2011).
 
 [1]
 

 Judgment and Sentence AFFIRMED; Case REMANDED for entry of proper order.
 

 MONACO, C.J., PALMER, and JACOBUS, JJ., concur.
 

 [1]
 

 . The only difference between the situation in
 
 Ortiz
 
 and the instant case was that the defendant in
 
 Ortiz
 
 was found competent at the outset (i.e., she was never previously found incompetent and then restored to competency) and, thus, the applicable rule was rule 3.212(b), not rule 3.212(c)(7), of the Florida Rules of Criminal Procedure.